# UNITED STATES BANKRUPTCY COURT

## FOR THE

## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In the Matter of:

HASSAN AHMAD

Debtor

Chapter 13

Case No. 14-14380-RGM

## OBJECTION TO CONFIRMATION OF PLAN, NOTICE OF OBJECTION TO CONFIRMATION OF PLAN AND NOTICE OF SCHEDULED HEARING ON THIS OBJECTION

Thomas P. Gorman, Chapter 13 Trustee, has filed this objection to confirmation of your Chapter 13 Plan filed December 30, 2014. The cause for this objection is as follows:

**Violation of 11 U.S.C. §1325(b)(4)(A)(ii) – Applicable Commitment Period & 11 U.S.C. §1325(a)(6) - Feasibility**
The proposed Plan is only a 36 month Plan, but based on Debtor's Schedule I and his testimony at his Meeting of Creditors, Debtor appears to be above median. Debtor has not filed a Form B22C "means test" in this case.

**Violation of 11 U.S.C. §1325(a)(4) – Liquidation Test & 11 U.S.C. §1325(a)(3) – Good Faith**
Debtor values his law firm at $1.00 on his Schedule B, even though Debtor's law firm generated more than $219,000.00 in gross revenue in 2013, and it presumably has receivables and work in progress (Debtor's practice includes personal injury work).
Section 11 of the Plan states that Debtor's 2014 tax refunds have been accounted for in the liquidation analysis, which seems unlikely given that the amount of Debtor's 2014 tax refunds are unknown at this time and not exempted on Schedule C. Debtor has only exempted $1.00 of his 2015 tax refunds on his Schedule C.
The proposed Plan does not pay unsecured creditors at least what they would receive in a Chapter 7 proceeding based on the assets listed on Debtor's Schedule B that are not exempted on Schedule C.

**Violation of 11 U.S.C. §1325(b)(1)(B) – Disposable Income**

**Notice of Objection To Confirmation**
Hassan Ahmad, Case # 14-14380-RGM

      Debtor testified at his Meeting of Creditors that his wife still receives rental income in the amount of $1,100.00/mo., but this rental income has not been included on Schedule I.

      Debtor deducts on Schedule J $821.00/mo. for health insurance, and $600.00/mo. for quarterly taxes, both of which are paid by his law firm (consistent with Debtor's Schedule C attached to his 2013 federal income tax returns), and already accounted for in Debtor's net business income figure stated on Schedule I.

**Violation of 11 U.S.C. §1325(a)(6) – Feasibility & 11 U.S.C. §1325(a)(3) – Good Faith**

      Debtor has a security deposit with his office landlord listed on Schedule B, but Debtor has not disclosed the corresponding lease on Schedule G, nor provided for the same in his Plan.

**Violation of 11 U.S.C. §1325(a)(3) – Good Faith**

- Debtor has not disclosed the $5,093.00 federal tax payment he made on October 15, 2014, on his Statement of Financial Affairs.
- Debtor has not disclosed his wife's rental income and dividend income on his Statement of Financial Affairs.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to grant the relief sought in the objection, or if you want the court to consider your views on the objection, then on or before five business days prior to the hearing date, you or your attorney must:

File with the court a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H). Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing. If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. You must mail a copy to the persons listed below.

*Attend the hearing to be held on February 11, 2015 at 9:30 a.m., in Courtroom 1 on the 2nd floor, United States Bankruptcy Court, 200 South Washington Street, Alexandria, VA 22314.* If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.

A copy of any written response must be mailed to the following persons:

**Notice of Objection To Confirmation**
Hassan Ahmad, Case # 14-14380-RGM

Thomas P. Gorman
300 North Washington Street, Ste, 400
Alexandria, VA 22314

Clerk of the Court
United States Bankruptcy Court
200 South Washington Street
Alexandria, VA 22314

    If you or your attorney do not take steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: _January 21, 2015_____          __/s/Thomas P. Gorman _____
                                                              Thomas P. Gorman
                                                               Chapter 13 Trustee
                                                               300 N. Washington Street, #400
                                                               Alexandria, VA 22314
                                                               (703) 836-2226
                                                               VSB 26421

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21th day of January, 2015, served via ECF to authorized users or mailed a true copy of the foregoing Objection to Confirmation, Notice of Objection and Notice of Hearing to the following parties.

| | |
|---|---|
| Hassan Ahmad | Robert Weed, Esq. |
| Chapter 13 Debtor | Attorney for Debtor |
| 20620 Sutherlin Place | 45575 Shepard Drive, #201 |
| Sterling, VA 20165 | Sterling, VA 20164 |

                                                       __/s/ Thomas P. Gorman_____
                                                        Thomas P. Gorman