## UNITED STATES BANKRUPTCY COURT

## FOR THE

## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In the Matter of:

HASSAN AHMAD

Debtor

Chapter 13

Case No. 14-14380-RGM

## TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION OF PLAN

Thomas P. Gorman, Chapter 13 Trustee, amends his previously filed Objection to Confirmation to state the following[1]:

**Violation of 11 U.S.C. §1325(b)(4)(A)(ii) – Applicable Commitment Period & 11 U.S.C. §1325(a)(6) - Feasibility**

The proposed Plan is only a 36 month Plan, but based on Debtor's Schedule I and his testimony at his Meeting of Creditors, Debtor appears to be above median. Debtor has now filed a Form B22C "means test" in this case, which likewise purports to show Debtor is below median income. Debtor claims his monthly gross income on his Form B22C is $6,216.67, or $74,600.04 per year, which appears understated given that Debtor's law firm generated gross receipts in the amount of $219,430.00 in 2013.

**Violation of 11 U.S.C. §1325(a)(4) – Liquidation Test & 11 U.S.C. §1325(a)(3) – Good Faith**

Debtor values his law firm at $1.00 on his Schedule B, even though Debtor's law firm generated more than $219,000.00 in gross revenue in 2013, and it presumably has receivables and work in progress (Debtor's practice includes personal injury work).

Section 11 of the Plan states that Debtor's 2014 tax refunds have been accounted for in the liquidation analysis, which seems unlikely given that the amount of Debtor's 2014 tax refunds are unknown at this time and not exempted on Schedule C. Debtor has only exempted $1.00 of his 2015 tax refunds on his Schedule C.

The proposed Plan does not pay unsecured creditors at least what they would receive in a Chapter 7 proceeding based on the assets listed on Debtor's Schedule B that are not exempted on Schedule C.

**Violation of 11 U.S.C. §1325(b)(1)(B) – Disposable Income**

---

[1] Objection amended to reflect the Form B22C filed by Debtor on January 22, 2015.

**Trustee's Amended Objection To Confirmation**

Hassan Ahmad, Case # 14-14380-RGM

      Debtor testified at his Meeting of Creditors that his wife still receives rental income in the amount of $1,100.00/mo., but this rental income has not been included on Schedule I.

      Debtor deducts on Schedule J $821.00/mo. for health insurance, and $600.00/mo. for quarterly taxes, both of which are paid by his law firm (consistent with Debtor's Schedule C attached to his 2013 federal income tax returns), and already accounted for in Debtor's net business income figure stated on Schedule I.

**Violation of 11 U.S.C. §1325(a)(6) – Feasibility & 11 U.S.C. §1325(a)(3) – Good Faith**

      Debtor has a security deposit with his office landlord listed on Schedule B, but Debtor has not disclosed the corresponding lease on Schedule G, nor provided for the same in his Plan.

**Violation of 11 U.S.C. §1325(a)(3) – Good Faith**

- Debtor has not disclosed the $5,093.00 federal tax payment he made on October 15, 2014, on his Statement of Financial Affairs.
- Debtor has not disclosed his wife's rental income and dividend income on his Statement of Financial Affairs.

Date: _February 2, 2015_____         __/s/Thomas P. Gorman _____

                                               Thomas P. Gorman
                                              Chapter 13 Trustee
                                              300 N. Washington Street, #400
                                              Alexandria, VA 22314
                                              (703) 836-2226
                                              VSB 26421

## CERTIFICATE OF SERVICE

I hereby certify that I have this 2th day of February, 2015, served via ECF to authorized users or mailed a true copy of the foregoing Amended Objection to Confirmation Hearing to the following parties.

| | |
|---|---|
| Hassan Ahmad | Robert Weed, Esq. |
| Chapter 13 Debtor | Attorney for Debtor |
| 20620 Sutherlin Place | 45575 Shepard Drive, #201 |
| Sterling, VA 20165 | Sterling, VA 20164 |

__/s/ Thomas P. Gorman_____
Thomas P. Gorman