**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Hassan M. Ahmad, | ) | Bankr. Case No. 14-14380-RGM |
| | ) | Chapter 13 |
| Debtor | ) | |

**MOTION IN OPPOSITION TO MOTION TO COMPEL DEBTOR EXAMINATION UNDER BANKR. RULE 2004**

COMES NOW Hassan M. Ahmad, Debtor/Defendant, by and through counsel, Robert Ross Weed, Esq., and moves this Court to DISALLOW Creditor from examining Debtor under Bankr. Rule 2004 and as grounds states the following:

I. **INTRODUCTION**

This is an opposition to Creditor Shamsiya Shervani's ("Creditor") motion to compel an order for a Rule 2004 Examination. The alleged debt stems from a missed statute of limitations in a personal injury case. There are two pending proceedings: an adversary proceeding objecting to discharge (on grounds of fraudulent misrepresentation, §523(a)(2)(A), and defalcation of a fiduciary, §523(a)(4)); (*see* Bankr.E.D.Va. Case no. 15-01001) and a negligence-based malpractice lawsuit pending against Debtor and his law firm (a PLLC of which he is the sole member) in the Circuit Court of Fairfax County, Virginia (case no. CV-14-4747). There is no judgment on any issue as of yet. No proof of claim has been filed. Both proceedings have been filed, and are being prosecuted by the same Creditor for the same alleged debt now moving for an order for a Rule 2004 examination. On February 5, 2015 the same creditor subpoenaed records of Bernard DiMuro, Debtor's counsel in the pending

1

proceeding in the Circuit Court, and whom Debtor seeks to employ in the adversary proceeding - seeking documents evincing Mr. DiMuro's representation of Debtor[1] [DE #36]. Debtor had filed a motion [DE #26] to employ undersigned counsel in the adversary proceeding, which was denied on February 11, 2015 [DE #40] but was refiled on February 20, 2015 and has not yet been ruled on. The Chapter 13 plan will also be refiled prior to the March 2, 2015 deadline. As such – at a minimum, this Court should not permit the 2004 exam until both the revised Plan and Motion to Employ Professional have been ruled on. It is clearly improper to allow a 2004 exam in the 21-day period Debtor has to refile the Plan (on/before 3/2/2015) and the hearing for the exam has been noticed for 2/25/2015.

The 2004 examination is improper with both of these proceedings pending. Through it, Creditor will not only be able to obtain financial documentation far in excess of what is reasonably necessary to administer the bankruptcy estate, but also those acts relating to the dischargeability of the debt – precisely the purpose of the adversary proceeding. It gives Creditor an unfair advantage and a method to circumscribe formal discovery rules. Indeed, in Creditor's own objections to the motion to employ a professional [DE #35] and objecting to the currently proposed plan [DE #34] Creditor clearly states the 2004 exam should be completed *before* the court rules on either. This is improper, as will be shown. To the extent that financial documentation of debtor (a practicing attorney) will include the names of clients unrelated to any of these proceedings, such information is privileged.

## II. ARGUMENT

1. The 2004 Examination: Standards

F.R.B.P. 2004 provides that the court may order the examination of any entity relating

---

[1] Debtor is filing a Motion to Quash the subpoena *duces tecum* under separate cover.

"only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  The rule also permits the court to order the production of documents. F.R.B.P. 2004(b). The scope is broad and is often referred to as a sanctioned "fishing expedition"; it is in many ways a "pre-litigation device for assessing whether grounds exist to commence an action," *Szadkowski v. Szadkowski (In re Szadkowski)*, 198 B.R. 140, 141 (Bankr. D. Md. 1996). A Rule 2004 examination is an inquisitory rather than an accusatory tool, and as such, is properly conducted during *pre-litigation* rather than pretrial. *In re Symington,* 209 B.R. 678, 684 (D. Md. 1997). (Emphasis added.)

The bankruptcy court enjoys wide discretion in deciding whether to permit a 2004 examination.  *McLaughlin v. McPhail,* 707 F.2d 800, 804 (4th. Cir. 1983).

2. The Pending Proceeding Rule

One well-recognized limitation on the broad scope of Rule 2004 is the "pending proceeding rule," pursuant to which courts may preclude discovery under Rule 2004 based on the "existence of other pending litigation in which such discovery could be obtained." *See In Re Ramadan,* Case No. 11-02734-8-SWH (Bankr.E.D.N.C. 2012), *quoting In re International Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002); *see also, e.g., In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28-29 (Bankr. N.D.N.Y. 1996). The pending proceeding rule is often invoked once an adversary proceeding or contested matter has been commenced in a bankruptcy case, as it has here, especially if the discovery sought through Rule 2004 goes "squarely to issues" involved in the pending litigation, in which case "application of the formal discovery rules is appropriate." *In re Job P. Wyatt & Sons' Co.,* 2011 WL 5909534 (Bankr. E.D.N.C. 2011). In addition, courts can invoke the rule "where the party requesting the Rule

2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002).

The rule may be inapplicable in situations where there is *only* non-bankruptcy collateral litigation. *See, e.g, In re Mantolesky*, 14 B.R. 973, 979 (Bank. D. Mass. 1981) (Emphasis added.) ("[T]he law is clear that pending litigation by others against the person sought to be examined, and the possible use of 205 [now 2004] testimony in that collateral litigation, is not sufficient reason for denying examination.").

The "pending proceeding" prohibition of 2004 examinations, in litigation originating in different forums, is nevertheless subject to exceptions. "Discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of [the F.R.B.P.], while unrelated discovery should not be subject to those rules simply because there is an adversary proceeding pending." *In re Washington Mut., Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009) (*citing Bennett Funding.*, 203 B.R. at 29 (emphasis in original)).

Thus, the relevant inquiry is whether the Rule 2004 examination could lead to discovery of evidence related, or unrelated, to the pending proceeding. *Washington Mut.*, 408 B.R. at 50.

### III. The Rule 2004 Examination is an Improper End Run Around Formal Discovery Rules

Creditor is an unsecured creditor who has not yet filed a proof of claim and instead seeks to argue nondischargeability via an adversary proceeding (Bankr. E.D.Va. No. 15-01001). She has no judgment that can be given collateral effect, and Debtor sharply disputes, *inter alia*, the quantum of damages. Creditor therefore has much to gain from a

fishing expedition. The 2004 exam seeks financial documentation far in excess of what is reasonably necessary in a bankruptcy proceeding.[2] The trustee has all documentation normally required in a Chapter 13 case, which adequately ensures the efficient administration of the bankruptcy estate.

While 2004 is a sanctioned " fishing license" the evidence sought must primarily attempt to further admin of the bankruptcy case when there is a pending proceeding. Determination of dischargeability is one of the legitimate purposes of a 2004 examination, and an objection to dischargeability is precisely the ground under which the adversary proceeding is brought.  Certainly, an unrestricted 2004 examination would be improper since the adversary proceeding is brought to object to dischargeability.

However, to the extent that the 2004 examination seeks financial documents (of Debtor's ability to pay an unknown and highly speculative claim[3]), even these would be improper under the rubric of Rule 2004. Creditor's counsel has been seeking the same financial evidence in the Circuit Court proceeding – indeed, since even before it began. In discovery in the Circuit Court proceeding, Debtor objected to these requests, and Creditor's counsel's response was that "an attorney who practices without insurance owes an obligation to the public to disclose ability to compensate," thus making financial ability to compensate an issue directly related to the acts or omissions bearing on dischargeability, and also the fiduciary duty of an attorney to his client. Now Creditor has filed an adversary proceeding, adding new facts and objecting to dischargeability on these very grounds: to-wit: defalcation (requiring a mismanagement of trust funds) as a fiduciary, and false statements. Thus,

---

2  For example, Creditor seeks any and all bank statements in which Debtor has had an interest since Jan. 2010, which precedes the bankruptcy by nearly 5 years. This stems from Creditor's desire to determine the size of the judgment she believes Debtor can pay – with no consideration on what the claim is worth.
3  For a more detailed discussion on the speculative nature of the claim, *see* Debtor's Amended Memorandum of Points and Authorities in Support of Motion to Dismiss Adversary Proceeding, ECF #12 in Case No. 15-01001.

Creditor cannot be said to be primarily moving for a 2004 examination to aid administration of the bankruptcy estate; the issues that Creditor would be allowed to explore, and the financial documentation sought speak to the heart of the adversary proceeding *and* the Circuit Court proceeding.

Moreover, financial documents of a law firm will contain names of clients, all except one of whom are unrelated to these litigations. In the adversary proceeding, Creditor claims Debtor lacked experience in personal injury matters, and having client list(s) and/or an ability to see how much or how little money Debtor recovered for clients in personal injury cases and other cases via a 2004 examination would give an unfair advantage to Creditor in the adversary proceeding. Even an order disallowing Creditor from using these documents in a pending proceeding will not avail, because once disclosed, the bell cannot be un-rung.

Creditor also seeks financial documents (bank statements, tax returns, other financial statements) going back 5 years. It is clear that Debtor's financial condition for most of that time has little to no effect on the administration of the bankruptcy estate. Thus, the primary purpose (or at least, a major purpose) for asking for such documents is to be able to support elements sought to be proven in the adversary proceeding as well as the Circuit Court action.

Furthermore, in the adversary proceeding, Creditor seeks a finding of nondischargeability based on false statements and defalcation. As for false statements under §532(a)(2)(A): Under *Nunnery v. Rountree (In re Rountree),* 478 F. 3d 215, 220-221 (4th Cir. 2007), Creditor must show Debtor received something of value as a result of alleged fraudulent misrepresentations, which Creditor submits occurred at "various"[4] times throughout the course of the representation. Disclosure of finances for the last 5 years is certainly evidence "related" to this pending proceeding.

---

4    *See* Complaint, ECF #1, Case No. 15-01001, at Para. 66.

As for §532(a)(4): Defalcation normally requires grossly reckless mismanagement of trust fund accounts while in a fiduciary relationship. Obtaining complete financial statements, then, is clearly "related" to the defalcation claim, as it would permit Creditor to search for a *res*. This should be allowed only in the context of formal discovery, not under a 2004 examination.

Put simply, Creditor is asking for so much financial information that the only reasonable conclusion is that she seeks to support her claims in the non-bankruptcy pending proceedings.

### IV. CONCLUSION

Though it appears Creditor filed the request for a 2004 exam seeking only financial evidence, the allegations made in both the adversary complaint and the Circuit Court proceeding render such evidence " related" to the evidence discoverable in a 2004 exam. The fact that Creditor seeks to conduct the 2004 exam before confirmation of the Plan, before the adversary proceeding has been ruled on, and while the proceedings in Circuit Court (which have yet to be tried to judgment) mean that formal discovery is the appropriate vehicle for Creditor, not a Rule 2004 exam.

WHEREFORE, the above grounds considered, Debtor prays this Court:

1. To DENY Creditor's request for an order compelling an examination under F.R.B.P. 2004, or in the alternative,
2. To witthold ruling on Creditor's request for a 2004 examination until the Motion to Employ Professional and a revised Plan may be filed, and

3. To award any such other and further relief as this Court may deem just or proper.

Respectfully Submitted,
Hassan M. Ahmad, by Counsel
_____/s/_Robert R Weed_____
Robert Ross Weed, Esq. (VSB #24646)
Law Offices of Robert R. Weed
45575 Shepard Drive, Suite #201
Sterling, VA 20164
Tel: 703.335.7793 Fax: 703.677.8770
robertweed@robertweed.com
Attorney for Debtor


CERTIFICATE OF SERVICE


I, Robert R. Weed, hereby certify that on February 20, 2015, a copy of the foregoing Application was served electronically on:

Office of the US Trustee

Thomas P. Gorman, Chapter 13 Trustee

Robert Vaughn, Esq, Attorney for Movant


. _____/s/___Robert R Weed
Robert R. Weed