**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Hassan M. Ahmad,** | ) | Bankr. Case No. 14-14380-RGM |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | |
| | ) | |
| **SHAMSIYA SHERVANI,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | No. 15-01001 |
| **HASSAN M. AHMAD,** *et al* | ) | |
| **Defendants** | ) | |

## AMENDED MOTION TO QUASH SUBPOENA AND DEBTORS' OBJECTIONS [DE #36]

Debtor, Hassan M. Ahmad, by counsel, Bernard J. DiMuro, Esq., hereby objects to and moves to quash the subpoena *duces tecum* issued by Robert L. Vaughn, Jr., Esq., counsel for Creditor Shamsiya Shervani in Bankr. Case No. 14-14380-RGM [DE #36].

I.  INTRODUCTION

Debtor, Hassan Ahmad, ("Debtor" or "Ahmad") was counsel for the Creditor ("Shervani" or "Creditor") in a personal injury case filed in state court. Creditor filed a legal malpractice case against Debtor in state court asserting that he failed to file her personal injury claim within the required statute of limitations. Mr. DiMuro defended Debtor in that legal malpractice case. Before trial of the legal malpractice case, Debtor filed this action under Chapter 13. Creditor has now filed an adversary proceeding asserting her legal malpractice claim. (No. 15-01001-RGM). The allegations in the

1

Adversary Proceeding are essentially the same as those in the legal malpractice action except that Creditor states further claims attempting to obtain an order of non-dischargeability.

On February 11, 2015 Creditor served a subpoena upon Mr. DiMuro seeking the following documents:

1. Retention agreement with Hassan Ahmad and/or any document memorializing the terms of such retention;

2. Any and all billing statements submitted to Hassan Ahmad, either directly or indirectly, for legal services;

3. Any and all invoices, bills and/or similar statements for costs incurred related and/or pertaining to Hassan Ahmad, either directly or indirectly, including but not limited to, filing fees, and fees for service of documents (inclusive of fees for private process service of subpoenas *duces tecum*);

4. Evidence of any and all payments made by and/or on behalf of Hassan Ahmad for services rendered and/or costs incurred;

5. Time records and/or other documents which memorialize the nature and extent of the legal services provided to and/or on behalf of the Debtor.

The subpoena was served at a time when an initial Motion to Employ Mr. DiMuro to defend the adversary proceeding was pending.[1] Debtor has timely filed a Motion to

---

[1] The Motion to Employ was denied for technical deficiencies but it has been amended The Amended Motion to Employ [DE #s 45-47] is pending for hearing on March 11, 2015.  DiMuroGinsberg P.C. is not currently seeking to be paid by the Debtor for its services in the bankruptcy proceedings and will not seek compensation unless and until the Bankruptcy Court enters an order approving employment. DiMuroGinsberg, P.C. may at that time ask that the Court permit it to charge attorney's fees on a retroactive basis.

2

Dismiss in the adversary proceeding case (see [DE #11] in No. 15-01001), which is currently pending and noticed for a hearing on March 3, 2015. [DE # 12] in No. 15-01001.

The subpoena seeks documentation pertaining to Mr. DiMuro's representation of Debtor – including timesheets of work performed, funds paid by Debtor to Mr. DiMuro's firm prior to and after the filing of the instant case, and generally, "other documents" which memorialize the nature and extent of legal services provided.

Regardless of whether a motion to employ Mr. DiMuro has been granted or will be granted, Mr. DiMuro is counsel for Ahmad. He is not a third party to whom a subpoena for records regarding his representation of Ahmad can be issued. The discovery request made of Mr. DiMuro should be made in the course of discovery in the adversary proceeding as it seeks information regarding the legal malpractice claims that Mr. DiMuro is defending. There is a pending motion to dismiss the Adversary Proceeding. The subpoena in the bankruptcy case is merely an attempt to avoid the formal discovery requirements of adversary proceedings.

In addition, Creditor has also filed a motion for an order "compelling"[2] a Rule 2004 examination. [DE #22 in the bankruptcy case, No. 14-14380-RGM]. The documents sought (to the extent they show how much Debtor has paid to undersigned counsel) are the subject of the Creditor's requested 2004 examination. First, to the extent they detail the nature and scope of legal work performed – these are clearly privileged and Creditor has no right to see them whether in a 2004 exam or otherwise. Second, the

---

[2] As the Court noted in the February 25, 2015 hearing, this was not actually a "motion to compel" a 2004 exam; it was simply an initial request for an exam under Rule 2004. No prior order existed.

3

Creditor (by filing the adversary proceeding, request for a Rule 2004 exam, and subpoena) is seeking to avoid formal discovery by obtaining it before this Court has ruled on the Motion to Dismiss. On February 25, 2015 this Court allowed Creditor to proceed with the 2004 exam, but sharply limited its scope. Nevertheless, with the production of bank statements, the amount Debtor paid undersigned counsel will be discovered.

Thus, using a Rule 45 subpoena is improper, and Counsel for Creditor, knowing it was duplicative and an improper end-run around both formal discovery rules and the 2004 exam, should never have filed it.

## II.    ARGUMENT

### 1.    F.R.C.P. 45

F.R.C.P. 45(d)(3)(A) states in pertinent part that a subpoena *must* be quashed if it, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies...or subjects a person to undue burden."

### 2.    The Privileged Requests

The retention agreement (item #1) between Mr. DiMuro and Debtor, while generally not privileged[3], is irrelevant and is the subject of objections filed contemporaneously with this motion. To the extent it confirms that Mr. DiMuro and his firm represented Debtor, this information has been admitted in the Motion to Employ Professional. To the extent it details payment schemes, it is duplicative of requests made elsewhere. To the extent it contains confidential communications regarding the representations, it is privileged. The other records (billing statements and costs invoices)

---

[3] *See, e.g. In re Grand Jury Subpoena*, 204 F.3d 516 (4th Cir. 2000).

4

may also permit the gleaning of work product by Mr. DiMuro and his firm. The payments made by Ahmad to the firm are simply not relevant and that is the subject of Mr. DiMuro's objections filed separately today.

Particularly troubling is Request No. 5: the documents described as "time records and/or other documents" memorializing the nature and extent of legal services. This request is a facially improper request for work product, if not attorney-client privileged on its face. Time sheets recording the specific task(s) performed by undersigned counsel and his staff could (and should be expected to) give a clear indication on trial strategy, and the courses of action contemplated in the adversary proceeding – clearly going to the heart of the work product doctrine. Creditor's counsel should be ordered to pay attorney's fees for making such a facially improper request. Also troubling is that it is drafted so broadly that any email (or "other document") sent between Debtor and Mr. DiMuro could be said to memorialize the "nature and extent of legal services." It is difficult to understand the relevance of this request to the administration of the bankruptcy estate. Once again, Creditor seeks to end-run around discovery rules by engaging in improper "fishing expeditions."[4]

Although relevance by itself is not an enumerated basis to quash a subpoena,[5] it is

---

[4] Apparently, at the hearing on February 25, 2015 Counsel for Creditor, without a scrap of evidence, proffered to the Court that "logically" the amount Debtor paid to Mr. DiMuro approached "six figures;" Counsel for Creditor proceeded to use this unwarranted, unsubstantiated, and incorrect assumption as support to engage in a fishing expedition to "search" for an "explanation" as to how Debtor could have paid such a sum with a stated monthly income of only $8200. Counsel for Creditor even stated that the attorney-client relationship between Mr. DiMuro and Debtor began in 2013 in an attempt to reach further into Debtor's finances. While some fishing may be sanctioned to some extent in the course of a Rule 2004 exam, there still is a duty to plead in good faith, and in any case such fishing is a patently improper use of a Rule 45 subpoena.

[5] Bernard J. DiMuro's Objections to Subpoena *Duces Tecum* [DE #36] was served on the Creditor on

noted that in the face of the ambiguity of the request, responding to Creditor's subpoena would necessitate the needless expenditure of resources of Debtor, undersigned counsel, and this Court to review every written communication since retention to determine whether it "memorializes the nature and extent of legal services," and thereafter create a privilege log which the Court would have to view and rule on *in camera.* The party claiming the protection of the attorney-client privilege or the work product doctrine bears the burden of proof as to its application. *See, e.g., Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011). Balancing the need of Creditor's counsel to know how much Debtor paid undersigned counsel against efficient resolution of the case, and the fact that the same documents (amount paid) may be obtained from Debtor in the course of formal discovery, and the subpoena appears largely repetitive, unduly burdensome, and altogether a waste of resources. The request in item #5 is either privileged, an undue burden, or both. Under Rule 45, it must be quashed.

    3.    <u>The Undue Burden Caused by the Requests</u>

Seeking amounts of money paid by a client to a lawyer are typically outside the realm of privilege. *United States v. (Under Seal),* 774 F. 2d 624 (4th Cir. 1985). However, in this case the subpoena seeks documents which easily can be sought after in discovery in the pending adversary proceeding, or in a properly limited Rule 2004 exam, which the Court indicated it (on February 25, 2015) that it will order. At a minimum, since there is a Motion to Employ the same professional on whom Creditor served the subpoena, that

---

the same day this Motion was filed. The objections were made pursuant to Rule 45(d). A copy of the Objections is attached hereto as Exhibit A. DiMuro's Objections include objections to the Requests based upon relevancy and privilege grounds.

motion should be ruled on first. Since counsel for Creditor made absolutely no attempt to narrow the scope of discovery, it is improper. This is simply an attempt to disrupt the attorney-client relationship between Mr. DiMuro and Ahmad.

    4.    <u>No Discussion to Narrow Scope of Discovery</u>

To the extent that a party issuing a subpoena must ensure no undue burden *or expense* (*see* F.R.C.P. 45(d)(1)) counsel for Creditor has yet to speak on the phone with undersigned counsel. There has been no oral discussion on the scope of discovery sought, or any attempt whatsoever to narrow the issues. As such, the use of a Rule 45 subpoena at this stage is both premature and improper, (as it remains to be seen whether this case will proceed under a proof of claim in bankruptcy, or via an adversary proceeding.) Creditor's actions in filing this duplicative request have necessitated the preparation and filing of this Motion to Quash, and the lack of any attempt to narrow the scope of discovery (whether in connection with this subpoena, or with the 2004 exam) only aggravates the conduct.

## III.    CONCLUSION

The Rule 45 subpoena is an attempt to circumvent rules of formal discovery, filed without any attempt to discuss the scope of discovery with undersigned counsel or with counsel for Debtor in the bankruptcy case. It has necessitated the preparation and filing of both objections and this Motion to Quash. It is unduly burdensome and seeks privileged information – the identification of which is an unduly burdensome task in light of the need for Creditor to obtain documentation which she will likely be able to obtain by other means. Issuing subpoenas when there are two pending proceedings with largely

the same nucleus of operative facts is improper or premature at best.

Counsel respectfully requests the Court quash the subpoena [DE #36] and sanction Counsel for Creditor and order an award of attorney's fees.

February 25, 2015                                    Respectfully submitted,


  /s/ Bernard DiMuro
Bernard J. DiMuro (VSB No. 18784)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Email: bdimuro@dimuro.com

*Attorneys for Hassan M. Ahmad*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to all counsel of record.


/s/_Bernard DiMuro_____
Bernard J. DiMuro, Esq.
VSB No. 18784
*Attorney for Hassan M. Ahmad*
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: 703-684-4333
Facsimile: 703-548-3181
Email: bdimuro@dimuro.com