IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HASSAN M. AHMAD | ) | |
|     Debtor | ) | Case No. 14-14380-RGM |
| | ) | Chapter 13 |
| | ) | |

**CREDITOR'S OBJECTION TO AMENDED APPLICATION
TO EMPLOY PROFESSIONAL**

Shamsiya Shervani, a creditor of the Debtor herein, objects to the Amended Application to Employ Bernard J. DiMuro and the firm of DiMuro Ginsberg PC and in support thereof states as follows:

1. The past relationship between the Creditor and proposed counsel is not yet known.

2. In an effort to ascertain the same, among other things, counsel requested that Debtor's counsel cooperate in the scheduling of a 2004 Exam and the production of related documents. Debtor's counsel declined to cooperate, necessitating the filing of a Motion, to which Debtor's counsel filed a lengthy opposition.

3. At the hearing on the Motion on February 25th, the request for a 2004 Exam was granted, as well as the request for the documents limited only as to the time frame in question.

4. On that same date, the undersigned prepared a proposed order as directed by the Court and submitted it to Debtor's counsel for review, for the setting of an actual date for the exam. As of the date of the preparation of this Objection, no response to that proposed order has been received, no date for the exam has been set, and no documents have been provided.

5. Because Debtor was refusing to cooperate with the scheduling of the exam and provision of related documents, counsel for the Creditor issued a subpoena *duces tecum* directly to the attorney Debtor proposed to employ, seeking documentation relating to his previous

retention, amounts billed by that attorney for his prior representation, and payments received. That subpoena was returned on February 27th.

6. Instead of providing any of the requested information, on February 25th, proposed counsel filed a Motion to Quash, objecting to each and every one of the requested documents (Dkt. No. 50), and Amended Motion to Quash (Dkt. No. 52), and a separate objection to the request (Dkt. No. 51).

7. It is submitted that the objections are not well founded, being based mostly on non-existent privilege claims. As a result, Creditor's counsel has now been required to spend the time and expense in filing a Motion to overrule the Motion to Quash and Objections, which Motion was scheduled at the earliest available date, April 8, 2015. (Dkt. Nos. 53 and 54).

8. Until such time as the 2004 Exam has been completed, and until such time as the Motion to Quash/Objections have been resolved and any documents ordered by the Court to be produced have, in fact, been produced, it is premature to rule on the Motion to Employ.

9. There is no prejudice to the Debtor as the delay in large part is of his own making, and as his proposed counsel is already active in the case, having appeared before this Court in the adversary proceedings and filed multiple pleadings.

Date: February 4, 2015.                    O'Connor & Vaughn LLC
                                           11490 Commerce Park Drive, #510
                                           Reston, Virginia 20191
                                           703-689-2100

                                           By   /s/ Robert L. Vaughn, Jr.
                                           Robert L. Vaughn, Jr., VSB 20633

<u>Certificate of Service</u>

 I hereby certify that on February 4, 2015, I caused a true copy of this Objection to be served on all parties of record via the Court's ECF filing system, inclusive of

| | |
|---|---|
| Hassan M. Ahmad | Thomas P. Gorman, Trustee |
| 20620 Sutherlin Place | 300 North Washington Street |
| Sterling, VA 20165 | Alexandria, VA 22314 |

    Robert R. Weed, Esq.
    45575 Shepard Drive, #201
    Sterling, VA 20164


            /s/ Robert L. Vaughn, Jr.
            Robert L. Vaughn, Jr.