**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|    Hassan M. Ahmad, | ) | Bankr. Case No. 14-14380-RGM |
| | ) | Chapter 13 |
|    Debtor | ) | |

## <u>OBJECTION TO CREDITOR SHAMSIYA SHERVANI'S PROOF OF CLAIM</u>

COMES NOW Hassan M. Ahmad, Debtor, by and through counsel, Robert Ross Weed, Esq., and OBJECTS to the proof of claim filed by Creditor Shamsiya SHERVANI ("Creditor") and as grounds states the following:

### I. INTRODUCTION

Creditor has filed a one-page proof of claim ("POC") alleging an unsecured debt of $500,000 for legal malpractice. Creditor is a former client of Debtor, a practicing attorney. The legal malpractice stems from Debtor not timely filing or settling a personal injury lawsuit within the statute of limitations. According to Creditor, this has caused her to sustain damages in the amount of $500,000. Creditor filed no documentation in support of the unsecured claim.

As a preliminary matter, the POC is for an unsecured debt. Furthermore, it was not filed in accordance with F.R.B.P. 3001, as it was not supported by any documentary evidence. It is, therefore, not entitled to a *prima facie* presumption of validity.

Debtor's objections to the POC rest on two grounds. First, the POC violates F.R.B.P. 3001(c)(2)(a), as the claim includes "fees, expenses, or other charges incurred before the petition was filed" and the POC failed to tabulate these expenses. Second, Debtor objects to

1

the amount or extent of the claim.

## II. OBJECTIONS

### 1. The POC Violates F.R.B.P. 3001(c)(2)(a)

On January 8, 2014, prior to this filing and prior to the lawsuit filed by Creditor against Debtor in the Circuit Court of Fairfax County, counsel for Creditor Mr. Robert Vaughn (who continues to represent Creditor in these proceedings) sent a demand letter to Debtor. In that letter, Mr. Vaughn wrote, "In the [personal injury] Complaint [that Debtor had filed for Creditor], after detailing the nature of the injuries and treatment, you requested damages in the amount of $426,073.75. One would presume, in this instance, that represented your assessment of the appropriate amount of Ms. Shervani's recovery. Given that Ms. Shervani continues to suffer from her injuries, **that there will now be additional costs incurred by her in recovery of the sums otherwise due**, an additional delay in the recovery of those damages, and the loss of the use of the funds such recovery would have generated, at a minimum, the amount of damages now stands at $500,000." [Emphasis added.] Thus, the filed POC includes, *inter alia*, "charges incurred prior to the filing of the petition" - namely, costs to recover the claim. F.R.B.P. 3001(c)(2)(A) requires Creditor to tabulate these costs, as they appear to be separate from the amount of the claim itself.

Moreover, F.R.B.P. 3001(c)(2)(D) allows the Court to sanction Creditor for failing to comply with this requirement, and Debtor submits that an appropriate sanction is warranted.

### 2. The Claim Is Not Worth $500,000

Creditor attached no supporting documentation to the POC and as such there is no *prima facie* presumption of validity of the debt or its extent.

It is beyond dispute that, in an action (or claim) for legal malpractice, the claimant must

prove what is commonly known as the "case within a case" - namely, that the claimant-plaintiff would have won a judgment in her favor but for the attorney's negligence. The claimant-plaintiff must also prove the quantum of damages. It is incumbent on counsel for Creditor to determine through his own investigation the quantum of damages, as merely relying on a figure calculated by a lawyer without reviewing the medical records, establishing a chain of causation, etc. in light of the extended documentation provided in discovery below is not a sufficient execution of duties of due diligence. Indeed, as one court found, "Any attorney who does not constantly evaluate his or her case compared to the opponent's case commits malpractice." *In re: Marie L. Chavannes*, Case No. 13-18075-REF (Bank.E.D.Pa. May 13, 2014)

The automobile accident for which Creditor claims $500,000 worth of injury occurred on April 28, 2009. The accident caused approximately $770 worth of damage to Creditor's car. Creditor claims she was in near-perfect health prior to the accident, but afterwards was forced to undergo a series of medical procedures which she maintains were caused by the accident.

For purposes herein, the quantum and/or necessity of Creditor's medical treatment is not being disputed (though Debtor reserves the right to dispute same.) What is being disputed is that quantum of damages legally caused by the automobile accident on April 28, 2009. It is only those damages for which Debtor may be held legally responsible.

An Independent Medical Examination ("IME") was performed by a physician, Dr. Robert Smith, on December 17, 2011. In it, Dr. Smith reviewed records from various doctors, and opined "There is no evidence from this record that Ms. Shervani sustained any permanent injury or aggravation or would require future treatment, testing, activity modification, or use of prescription medication related to the April 28, 2009 accident."

Relying on the IME, the insurance company valued the claim at $2,973.75. Ms.

Shervani has already received these funds. She could not have recovered more for such a minor accident, and none of the balance of her claimed medical bills and course of treatment were legally related to the accident.

Creditor had severe causation problems in her malpractice claim, and her POC lumps together costs arising from pre-accident conditions, post-accident unrelated conditions, and some unknown charges to recover sums she says she is due.

Debtor submits that as Creditor has already received fair compensation for her injuries, and Debtor would not have been able to recover further sums for her even if timely suit had been filed, her claim should be disallowed.

**WHEREFORE**, the above grounds considered, Debtor prays this Court:

1. To SUSTAIN Debtor's objections herein filed, and
2. To award any such other and further relief as this Court may deem just or proper.

                Respectfully Submitted,

                Hassan M. Ahmad, by Counsel

                _____/s/_Robert R. Weed_____
Robert Ross Weed, Esq. (VSB #24646)
LAW OFFICES OF ROBERT R. WEED
45575 Shepard Drive, Suite #201
Sterling, VA 20164
Tel: 703.335.7793
Fax: 703.677.8770
robertweed@robertweed.com
Attorney for Debtor

## **CERTIFICATE OF SERVICE**

I, Robert R. Weed, Esq., hereby certify that on April 6, 2015, a copy of the foregoing Objection to Creditor's Proof of Claim was served electronically on:

Robert L. Vaughn, Jr., Esq.
Counsel for Creditor
O'Connor & Vaughn, LLC
11490 Commerce Park Drive, Suite 510
Reston, VA 20191
Telephone: 703-689-2100
Facsimile: 703-471-6496
rvaughn@oconnorandvaughn.com


Thomas P. Gorman, Esq.
United States Chapter 13 Trustee
300 N Washington St
Alexandria VA 22314

                __/s/_Robert R. Weed__
                Robert Ross Weed, Esq. (VSB #24646)
                Law Offices of Robert R. Weed
                45575 Shepard Drive, Suite #201
                Sterling, VA 20164
                Tel: 703.335.7793
                Fax: 703.677.8770
                robertweed@robertweed.com
                Attorney for Debtor