**UNITED STATES BANKRUPTCY COURT**

**FOR THE**

**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In the Matter of: | Chapter 13 |
| HASSAN AHMAD | Case No. 14-14380-RGM |
| Debtor | |

**OBJECTION TO CONFIRMATION OF PLAN,
NOTICE OF OBJECTION TO CONFIRMATION OF PLAN
AND
NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

Thomas P. Gorman, Chapter 13 Trustee, has filed this objection to confirmation of your Chapter 13 Plan filed March 11, 2015. The cause for this objection is as follows:

**Violation of 11 U.S.C. §1325(a)(3) – Good Faith**
- This Plan requires the same objections raised to Debtor's previous Plan.
- Debtor has not disclosed the $5,093.00 federal tax payment he made on October 15, 2014, on his Statement of Financial Affairs.
- Debtor has not disclosed his wife's rental income and dividend income on his Statement of Financial Affairs

**Violation of 11 U.S.C. §1325(b)(4)(A)(ii) – Applicable Commitment Period & 11 U.S.C. §1325(a)(6) – Feasibility & 11 U.S.C. §1325(b)(1)(B) – Disposable Income**
　　The proposed Plan is only a 36 month Plan, but based on Debtor's Schedule I and his testimony at his Meeting of Creditors, Debtor appears to be above median. Debtor has now filed a Form B22C "means test" in this case, which likewise purports to show Debtor is below median income. Debtor claims his monthly gross income on his Form B22C is $6,216.67, or $74,600.04 per year, which appears understated given that Debtor's law firm generated gross receipts in the amount of $219,430.00 in 2013. Trustee has not yet been provided with Debtor's 2014 tax returns.

**Violation of 11 U.S.C. §1325(a)(4) – Liquidation Test & 11 U.S.C. §1325(a)(3) – Good Faith**
　　The proposed Plan does not pay unsecured creditors at least what they would receive in a Chpater 7 proceeding based on the assets listed on Schedule

**Notice of Objection To Confirmation**
Hassan Ahmad, Case # 14-14380-RGM

B that are not exempted on Schedule C. Debtor has at least $23,485.50 of non-exempt assets on Schedule B, thus his Plan needs to pay unsecured creditors at least this amount, which amounts should not be diminished by administrative expenses as in a Chapter 7 proceeding.

Despite the non-exempt assets listed on Debtor's Schedule B, Section 4 of the Plan nonetheless claims that creditors would not receive any distribution on their claims in a Chapter 7 proceeding.

**Violation of 11 U.S.C. §1325(b)(1)(B) – Disposable Income & 11 U.S.C. §1325(a)(3) – Good Faith**

Debtor's Plan cannot have been proposed in good faith when his Schedule J budget for entertainment in the amount of $320.00 per month exceeds his proposed Plan funding for the first 6 months of the Plan. Additionally, Debtor's Schedule J net monthly income is $233.75/mo., yet his proposed Plan payments for the first 6 months are only $200.00/mo.

In response to Trustee's prior Objection raising the fact that Debtor had not included his non-debtor spouse's rental income on Schedule I, Debtor has now included the rental income, but has increased his expenses on Schedule J to offset this addtional income as follows:

- $315.62/mo. for electricity and gas (increased from $150.00/mo.);
- $98.60/mo. for water, sewer, and garbage collection (increased from $75.00/mo.);
- $920.00/mo. for food and housekeeping supplies (increased from $670.00/mo.);
- $892.00/mo. for childcare and education costs (increased from $300.00/mo.);
- $275.00/mo. for clothing and laundry (increased from $175.00/mo.);
- $300.00/mo. for medical and dental expenses (increased from $65.00/mo.);
- $659.75/mo. for transportation (increased from $510.00/mo.);
- $320.00/mo. for entertainment (increased from $200.00/mo.);
- $1,400.00/mo. for quarterly taxes (increased from $600.00/mo.) and are improperly deducted as more fully set forth below; and
- $74.00/mo. for pest control (not previously deducted).

Debtor deducts $1,400.00/mo. for quarterly taxes, which is paid by his law firm (consistent with Debtor's Schedule C attached to his 2013 federal income tax returns), and already accounted for in Debtor's net business income figure stated on Schedule I.

**Violation of 11 U.S.C. §1325(a)(6) – Feasibility & 11 U.S.C. §1325(a)(3) – Good Faith**

- Debtor has a security deposit with his office landlord listed on Schedule B, but Debtor has not disclosed the corresponding lease on Schedule G, nor provided for the same in his Plan.

**Notice of Objection To Confirmation**
Hassan Ahmad, Case # 14-14380-RGM

- It appears that Debtor is not maintaining his post-petition tax obligations given that this modified Plan now provides for an additional $19,404.00 IRS priority tax claim that was not previously listed in Debtor's Schedules nor provided for in Debtor's prior Chapter 13 Plans.

**Violation of 11 U.S.C. 1325(a)(6) - Feasibility**
- Debtor's modest funding would not provide for anticipated legal fees / administrative expenses for Debtor's bankruptcy counsel or his special counsel.
- The provision in Section 11 of the Plan that simply mandates that confirmation of this Plan would not bar Debtor from challenging his liabiltiy or the amounts of certain claims appear to be contrary to the Fourth Circuit's recent opinion issued in *Covert v. LVNV Funding, LLC*, 779 F.3d 242 (4th Cir. 2015).

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to grant the relief sought in the objection, or if you want the court to consider your views on the objection, then on or before five business days prior to the hearing date, you or your attorney must:

File with the court a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H).  Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.  If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.  You must mail a copy to the persons listed below.

***Attend the hearing to be held on April 22, 2015 at 9:30 a.m., in Courtroom 1 on the 2nd floor, United States Bankruptcy Court, 200 South Washington Street, Alexandria, VA 22314.***  If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.

A copy of any written response must be mailed to the following persons:

> Thomas P. Gorman
> 300 North Washington Street, Ste, 400
> Alexandria, VA 22314
>
> Clerk of the Court
> United States Bankruptcy Court

**Notice of Objection To Confirmation**
Hassan Ahmad, Case # 14-14380-RGM

200 South Washington Street
Alexandria, VA 22314

    If you or your attorney do not take steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: _April 9, 2015_____           __/s/Thomas P. Gorman _____
                                                               Thomas P. Gorman
                                                               Chapter 13 Trustee
                                                               300 N. Washington Street, #400
                                                               Alexandria, VA 22314
                                                               (703) 836-2226
                                                               VSB 26421

## CERTIFICATE OF SERVICE

I hereby certify that I have this 9th day of April, 2015, served via ECF to authorized users or mailed a true copy of the foregoing Objection to Confirmation, Notice of Objection and Notice of Hearing to the following parties.

| | |
|---|---|
| Hassan Ahmad | Robert Weed, Esq. |
| Chapter 13 Debtor | Attorney for Debtor |
| 20620 Sutherlin Place | 45575 Shepard Drive, #201 |
| Sterling, VA 20165 | Sterling, VA 20164 |

        __/s/ Thomas P. Gorman_____
        Thomas P. Gorman